## MARSHALL *v.* TURNBULL et al.[1]

### (*Circuit Court, E. D. New York.* April 16, 1888.)

1. INJUNCTION — JURISDICTION — PROPERTY CLAIMED THROUGH ACTS OF A FOREIGN GOVERNMENT.

While this court, having jurisdiction of the person of a defendant, may no doubt enjoin him from wasting or interfering with property, or asserting title thereto, though the property be situated in a foreign country, it will not grant such injunction, asked for on the sole ground that certain acts of the officials of a foreign government, creating defendant's title to the property, are alleged to be void. A bill asking such relief on such ground is properly demurrable.

2. EQUITY — PLEADING — BILL.

A bill of complaint which does not set forth a copy of an instrument vital to complainant's claim, or contain any averment setting forth the terms thereof, is demurrable.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

In Equity.   On demurrer.
*William M. Safford*, for complainant.
*Silas M. Stillwell*, for defendant.

LACOMBE, J.   The demurrer to the amended and supplemental complaint is filed only by the defendant Turnbull and the Pedernales Company.   The sufficiency of the bill as against them only is to be determined.   Upon the hearing of the motion for preliminary injunction herein, (32 Fed. Rep. 124,) the question of jurisdiction was considered solely in respect to the case made out, or sought to be made out, at that time, by the complainant.   His claim, as shown by the bill and affidavits, then was that the relations of the defendant Turnbull to the Manoa Company (the mortgagor) were of a fiduciary character, and that any title which he might in his own name acquire to its property inured to the benefit of the company and its creditors.   In the words of complainant's brief on that motion, his "suit was one to enforce a trust, * * * [in which] the trustee can be decreed to convey the title."   Jurisdiction of the court to compel a faithless trustee to disgorge property obtained contrary to the obligations of his trust, to require from him an account of all profits derived therefrom, and to exact the execution of such instruments of conveyance as might be necessary to the protection of his *cestui que trust*, no doubt exists, although the land concerned is situated in a foreign country, when the court obtains jurisdiction of the person and conscience of the defendant.   The court may also, in a proper case, and as ancillary to such relief, enjoin the trustee from wasting or interfering with the property, or from asserting title to it.   Such, however, as the case is now presented, is not the theory of this bill.   It contains some averments as to a lease of the property to defendant Stone, in which lease it is claimed that Turnbull was interested.   It also alleges that Turnbull subsequently took (or pretended to take) title to the property, but it does not seek to secure a transfer of his title, or a decree that whatever he took inured to the benefit of the Manoa Company.   A naked injunction is asked for against him on the ground that his title is void because Venezuelan officials acted improperly in creating it.   In other words, he, it is claimed, holds nothing, not because what he took passed (equitably) through him to the Manoa Company, but because the Venezuelan government could give nothing.   Turnbull's position under this bill is no different from that of some stranger to whom the Venezuelan government might have conveyed the rights originally conceded to Fitzgerald; and the court is asked to enjoin waste upon, or interference with, property in a foreign country, because, as it is alleged, certain official acts of the government of that country (annulling one concession and making a new one) are void.   Such relief cannot be administered on such ground.   The bill is also demurrable for the reason that it neither sets forth copies of the instruments by which the mortgage under which complainant claims was created, nor contains any averment setting forth the terms thereof.   The demurrer is sustained, with leave to amend.